## SAMUEL HAYDEN v. JOSEPH JOHNSON.

*Referee, finding of.    Statute of Limitations.*

Whether the admissions of a party take a case out of the statute of limitations, is a question of law merely, and where the terms of the admissions are found by the referee, it may as such be always decided by the court.

Where the defendant when called upon for payment said, "I supposed it was paid by White, by an arrangement; tell your father to put White up to pay it,—if he does not, I shall have to pay it,"—*Held*—that this admission, with proof that White had not paid it, would remove the statute bar.

If A. agrees to take a debt of B. against a third person, as payment, *in presenti*, he will be bound by it, and it will amount to a virtual purchase of the claim and an agreement to accept it as payment *pro tanto*, upon A's. claim against B.

ASSUMPSIT on a promissory note.

Plea, general issue, and statute of limitations, and referred under rule of court.

The referees reported substantially as follows :

That plaintiff presented the note of which the following is a copy.

" For value received I promise to pay Samuel Hayden, or or-
" der, thirty-nine dollars in neat saleable cattle, bulls and stags ex-
" empt, not over eight years old, one half to be paid in the month of
" October, 1853, and the remainder in the month of October, 1844,
" to be delivered at Samuel Hayden's dwelling house in Duxbury,
" with use.          (Signed,)          JOSEPH JOHNSON."
" Huntington, Sept. 3, 1842.

Indorsed Oct. 27, 1844, $21,34."

It was proved that in June, 1843, Charles D. and Aden Stevens, and one Lyman White, contracted to build a barn for the plaintiff, and after doing part of the job, the Stevenses and White had difficulty, which resulted in the transfer of the Stevens' interest in the contract to said White, for the sum of $13,00, which White agreed to pay; and the Stevenses being indebted to defendant, it was agreed between plaintiff, the Stevenses and White, (to which defendant afterwards assented,) that said $13,00, should be indorsed on this note, and the defendant allow the same on his claim against the Stevenses, and White allow the $13,00, to the plaintiff on the barn contract.   White did not finish the barn according

Hayden v. Johnson.

to the contract, but, being poor, called upon the plaintiff for payment, in small sums, as he progressed with the work, until the plaintiff had fully paid White the whole sum due for building the barn, without deducting the $13,00 ; but it was proved that plaintiff, at the time the sum indorsed on the note was paid, told the defendant that he treated the $13,00, as a payment, and we allowed the $13,00, as a payment on the 15th of June, 1843.

It was further proved that said White was indebted to the defendant, (but how much, was much disputed by the parties before us, and left much in doubt, but not in a sum sufficient to pay the *balance* of the first instalment on the note,) and White agreed to pay the balance of the first instalment of this note, and plaintiff agreed with defendant " to take White paymaster." White never paid anything to the plaintiff on this note, but the defendant rested in faith of this arrangement, and supposed the note paid, until the statute of limitations had run upon the note, except he had an interview with plaintiff's son, hereafter mentioned. It was claimed by the defendant, that this should operate as a *payment* of the note.

That plaintiff proved, he sent his son, before the statute run upon the note, to ask defendant for payment on this note, and defendant then said, " I supposed it was paid by White, by an arrangement ; tell your father to put White up to pay it,—if he does not, I shall have to pay it."

The plaintiff claimed this declaration of the defendant removed the statute bar.

That the actual indebtedness of White to the defendant, at the time of the arrangement between plaintiff, defendant and White, before mentioned, was $4, on the 15th of June, 1843. The referees adjudged that the said $13, should apply as payment upon the note ;—that the arrangement between the parties to this suit, and White, was a transfer of White's actual indebtedness to defendant, to the plaintiff, *in presenti*, and that the $4, should be applied as payment *pro tanto*. They also adjudged that the defendant's admission to plaintiff's son, did not remove the statute bar ; and that plaintiff is *barred* by the statute of limitations, from recovering the balance of the note.

The County Court, September Term, 1853,—POLAND, J., presiding,—rendered judgment on the report for plaintiff, and in mak-

ing up the judgment allowed the $13, and the $4, as payment upon the note, no question being made as to the $13.

Exceptions by defendant.

*Maynard & Mead* for defendant.

The referees' report finds that the balance due on the first installment, after the application of the $13, was to be paid by one White; and that the plaintiff agreed with the defendant to take White paymaster; and that the defendant, in faith of this arrangement, supposed the note paid.

1. We insist that the agreement of the plaintiff to take White, paymaster, made under the circumstances, as stated by the referees should operate as a payment of the note.

2. It is insisted that the finding of the referees,—that the plaintiff from recovering the balance of the note is barred by the statute of limitations,—is conclusive upon the question.

The referees as triers of the facts can alone determine what the defendant intended by the language used to Roswell Hayden, as stated in the report, as the intention would have to be gathered from all he said at the time, and the surrounding circumstances, and not from a single isolated expression.

3. We insist that the language used as reported by the referees, does not remove the statute bar, as it neither imports an acknowledgement of the · debt, as now existing, nor a promise to pay. *Phelps* v. *Stewart*, 12 Vt. 256.

4. The defendant said, he supposed the note was paid by an arrangement with White—by no means admitting the debt was then due; and the other part of the expression—that he should have to pay it if White did not—neither implies any promise to pay or willingness to pay; but at most, the opinion of the defendant, as to his then legal liability.

5. The reference in this case was general, and the referees were not required to decide the case on strictly legal principles; and the referees have not referred the questions of law to the determination of the court, in such a manner as to make the result of their finding depend upon that determination. And we think it is not, by any means, apparent to this court, that the referees intending to follow the law, have so far mistaken it, that they were brought to a different result, from that they would have reached

had they known what the law was; and if not, then the court will not revise their finding. *White et al.* v. *White, Exr.* 21 Vt. 250.

*P. Dillingham* for plaintiff.

The facts reported by the referees, as to what the defendant said to the plaintiff's son, when he called on him for pay on the note, shows both a distinct admission of the debt, and a substantial promise to pay it. Either will avoid the statute of limitations. *Phelps* v. *Stewart*, 12 Vt. 256. *Paddock* v. *Colby et al.*, 18 Vt. 485. *Caruth* v. *Paige*, 22 Vt. 179. *Burton* v. *Stevens*, 24 Vt. 131. *Hill* v. *Kendall*, 25 Vt. 528.

2. The four dollars, was wrongfully allowed, to the defendant as payment on the note. White's indebtedness to the defendant was on book, and its amount was always matter of dispute. The referees find that it did not exceed $400. This was never paid to the plaintiff, in whole or in part, nor was it so transferred to the plaintiff, as to extinguish White's liability to the defendant, and give a right of action to the plaintiff to recover it of White. Short of this it was no payment. Chitty on Contracts 613. 3 Term Rep. 180. 5 B. & A. 228. 4 B. & C. 166.

The opinion of the court was delivered by

REDFIELD, Ch. J. In regard to the conclusiveness of the finding of the referees, as to the statute of limitations, it is merely a question of law, the terms of the admission being found, and as such may always be decided by the court, as was held, by this court, many years since; and the county court having treated it as virtually referred by the referees to them, and upon that ground, reversed the finding of the referees, we must conclude they correctly understood the report of their own referees, unless it appears they did not. There is first an intendment, in favor of the report, and secondly, one in favor of the judgment of the court below. These, in a measure, balance each other, in this case, but the final presumption is in favor of the judgment, inasmuch as the reference is from that court, and the report to them, and as all doubts might have been solved, by a recommitment, we must conclude, that would have been done, unless the court had regarded it as sufficiently explicit, in favor of the construction which they adopt.

Hayden *v.* Johnson.

2. If then the question of the legal effect of the admission was properly referred to the county court, there can be little doubt they decided it correctly. It seems to have been a clear admission of continuing liability, unless it was paid by White, and this made before the bar, and upon which it is presumable the plaintiff might have rested, and thus suffered the term of the statute of limitations to elapse; such an admission comes clearly within the rule adopted in this state, requiring an admission of *continuing liability.* And if this liability is conditional, as in the present case, it is required to remove the condition, i. e., in this case, to show that White had not paid. This is not claimed.

3. We think the plaintiff having agreed to take the debt of defendant, against White, as payment, *in presenti,* he must now be bound by it. It would be a virtual purchase of defendant's claim against White, and an agreement to accept it, as payment, *pro tanto,* upon plaintiff's debt.

Judgment affirmed.